```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
YESENIA A. VERAS,                                           :
                                                            :
                        Plaintiff,                          :   MEMORANDUM
                                                            :   DECISION AND ORDER
           -against-                                        :
                                                            :   20-cv-5122 (BMC)
SIRAWAN TRANSPORTATION, INC. d/b/a                          :
SUPER TRANS PHILLY SHUTTLE and                              :
AZIZ A. YUSUF,                                              :
                                                            :
                        Defendants.                         :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

On May 14, 2018, plaintiff Yesenia Veras was driving on the Verrazzano-Narrows Bridge when she collided with another vehicle. She brought this negligence suit against the other driver, Aziz Yusuf, and his employer, Sirawan Transportation, Inc. Plaintiff maintained that this Court had subject matter jurisdiction due to diversity of citizenship. She is a citizen of New Jersey, and she alleged that Yusuf is a citizen of Pennsylvania. For Sirawan Transportation, Inc., however, plaintiff alleged only that it "is a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania and authorized to do business in the State of New York." The complaint did not allege Sirawan Transportation's principal place of business.

Based on this deficiency, I ordered plaintiff to show cause why this case should not be dismissed for failure to adequately plead facts showing diversity of citizenship. Plaintiff failed to respond to the Order to Show Cause, and I therefore dismissed the case for lack of subject matter jurisdiction. Plaintiff, however, has moved for reconsideration.

The motion is perfunctory. Plaintiff provided no excuse for her failure to respond to the Order to Show Cause, other than a general reference to unexplained "inadvertence" and a citation to Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99 (3d Cir. 2015), which counsel asserts "supports [his] client's position."

Lincoln Benefit is inapposite because the issue was different. The Third Circuit was addressing whether a plaintiff must plead the citizenship of each member of a limited liability company, or whether a plaintiff may generally allege that none of the members of the company are citizens of the same state as the plaintiff. This issue arises because, unlike a corporation, a limited liability company is a citizen of every state in which each of its equity holders is a citizen. See generally Carden v. Arkoma Assocs., 494 U.S. 185, 195–96 (1990); Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016). The Third Circuit allowed a general allegation of diversity as against a limited liability company (and other unincorporated business entities) for two reasons: (1) limited liability companies have become as ubiquitous as corporations, and policy suggests no reason why they should be treated differently; and (2) public information as to their members is not readily available, unlike information regarding the principal place of business of a corporation. See Lincoln Benefit, 800 F.3d at 106–10; id. at 111–13 (Ambro, J., concurring).*

Neither the Third Circuit's conclusion nor its reasoning is applicable here. Indeed, to the extent Lincoln Benefit applies to this case at all, it supports dismissal. Unlike the identity and citizenship of limited liability companies, a corporation's principal place of business, as the Third Circuit noted, is relatively easy to ascertain. The Third Circuit held that in the more difficult context of a limited liability company, a general allegation of diversity would suffice only if the plaintiff could allege diversity "after a reasonable attempt to determine the identities

2

of the members of the association." Id. at 102 (majority opinion).  That is a special rule that the Third Circuit created for unincorporated business entities, but it has no applicability when dealing with a corporation.  A plaintiff either alleges the principal place of business of a defendant corporation, or she doesn't.  Here, she did not.

We are addressing one of the most fundamental rules of federal pleading: a plaintiff invoking diversity in a case involving a corporation must set forth a corporation's state of incorporation and principal place of business.  The language of the statute is plain.  See 28 U.S.C. § 1332(c).  Even in plaintiff's motion for reconsideration, she still has not identified the citizenship of Sirawan Transportation, Inc.  Plaintiff's motion for reconsideration is therefore denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       November 19, 2020

---

* Although the context of Lincoln Benefit is inapposite here, I will note that I respectfully disagree with the Third Circuit's creation of special relaxed pleading rules for unincorporated business associations in the name of "policy."  First, Congress has amended the diversity statute since the Supreme Court's decision in Carden, yet it has not chosen to give the special status afforded corporations for diversity purposes to any other business entities.  See Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 4(a), 119 Stat. 4, 9 (adding a new section 1332(d) and stating that, for purposes of that section, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"); Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 205(a), 110 Stat. 3847, 3850 (changing the amount in controversy requirement).  Although legislative inaction is far from a conclusive determinant of congressional intent, it is also noteworthy that Congress has not taken up the suggestion of the American Bar Association to amend § 1332 so that unincorporated business associations are treated the same as corporations.  See Am. Bar Ass'n, Res. 103B (2015), available at https://www.americanbar.org/groups/litigation/publications/litigation-news/top-stories/2015/aba-house-of-delegates-urges-change-to-diversity-statute/ (last visited Nov. 19, 2020).

Courts should stay away from policy considerations particularly in the area of diversity because there are strong arguments to restrict diversity jurisdiction rather than expand it.  In my view, a stronger argument could be made that diversity involving corporations should be further restricted (outside of the class action context that Congress addressed in the Class Action Fairness Act, as that raised particular policy considerations that Congress deemed appropriate to address) by raising the outdated amount-in-controversy requirement, rather than expanding diversity to create special rules for unincorporated business entities.

In addition, the original basis for diversity jurisdiction in the Constitution, when the sovereign status of states and the possibility of local prejudice was much more pronounced than it is now, suggests further restrictions on diversity, not an expansion. This case is a perfect example. There is no reason why a traffic accident case between drivers from New Jersey and Pennsylvania has to be tried in a federal court in New York as opposed to a state court in New York. The amount of prejudice that New Yorkers hold against New Jersey citizens is no different than the prejudice they hold against Pennsylvania citizens – neither are New Yorkers.

Finally, the Third Circuit's decision in Lincoln Benefit contradicts venerable Supreme Court authority. As Chief Justice Marshall noted nearly two hundred years ago: "The decisions of this court require, that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends. It is not sufficient that jurisdiction may be inferred, argumentatively, from its averments." Brown v. Keene, 33 U.S. 112, 114 (1834). This principle is of no less force today. The Supreme Court's restriction on pleading conclusions instead of facts, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), should apply equally to pleading jurisdictional facts.

4